IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CLORINDA MEARIDY, on behalf of )
herself and all others similarly situated, )
                                                      )
                      Plaintiff, )
                                                      )       1:20CV387
                        v. )
                                                      )
NTHRIVE SOLUTIONS, INC., )
                                                      )
                    Defendant. )
                                                        )

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

      The matter before the Court is an Unopposed Motion for Preliminary Approval of Class Action Settlement, Certifying Classes for Purpose of Settlement Directing Notice to the Classes, and Scheduling Fairness Hearing filed by the Plaintiff, Clorinda Mearidy ("Plaintiff"). (ECF No. 24.)

      Plaintiff and Defendant nThrive Solutions, Inc. ("Defendant" or "nThrive") have entered into the Settlement Agreement of Class and Collective Action and Release of Claims ("Settlement Agreement"), which is intended to resolve claims asserted in this action by Plaintiff. (ECF No. 25-1.) The Court, having reviewed the Proposed Order, the Settlement Agreement of Class and Collective Action and Release of Claims ("Settlement Agreement"), and Declaration by Plaintiff's council ("Hernandez Declaration"), finds that the Settlement Agreement and defined class are appropriate for preliminary approval and certification. The proposed Settlement Agreement appears to be fair, reasonable, and adequate, and a hearing

on the matter should be held, after notice to the Class Members, to confirm that it meets this standard prior to a determination of whether a Final Order and Judgment should be entered in this Lawsuit.

Based on the above, the Court enters the following:

## ORDER

IT IS THEREFORE ORDERED that the Motion for Preliminary Approval of Class Action Settlement, Certifying Classes for Purpose of Settlement Directing Notice to the Classes, and Scheduling Fairness Hearing is GRANTED, subject to the following terms and conditions:

**Class Certification for Settlement Purposes Only**

1. Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2. The Court has jurisdiction over the subject matter of this action, including the claims asserted, Plaintiff, the members of the proposed FLSA Collective ("Settlement Collective Action") and proposed Rule 23 Settlement Class ("Settlement Class"), Defendant, and the implementation and administration of the Settlement Agreement.

3. The Settlement Agreement, which was filed with the Court as Exhibit A to Plaintiff's Motion for Preliminary Approval, (ECF Nos. 24, 25-1), is preliminarily approved, as it appears fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23, subject to final consideration thereof at the Final Approval Hearing provided for below.

4. Based upon the submissions of the parties, and for purposes of this settlement only, the Court conditionally makes the following findings:

    a. The members of the Classes defined in the Settlement Agreement are so numerous as to make joinder impracticable;

2

b.  There are questions of law and fact common to the Classes, and such questions predominate over any questions affecting only individual Class Members;

c.  Plaintiff's claims are typical of the claims of the Class Members;

d.  Plaintiff and her counsel can fairly and adequately protect, and have to date fairly and adequately protected, the interests of the Class Members in this action; and

e.  A class action is superior to other available methods for fairly and efficiently resolving the controversy placed at issue in this Action.

5.  Accordingly, the Court hereby conditionally certifies the following Settlement Collective Action pursuant to Section 16(b) of the FLSA, for settlement purposes only, in accordance with the terms of the Settlement Agreement:

> **FLSA Class:** All non-exempt employees of nThrive Solutions, Inc. (1) who worked in the Raleigh, North Carolina call center between July 13, 2017 and December 22, 2020, (2) as call-center associates, or in similar positions, at a call center servicing customers with medical billing, primarily interacting telephonically with customers, (3) who utilized the Ultipro and LiveVox phone and/or computer systems at any time within the past three years, (4) who were subject to Defendant's pre- and/or post-shift work policy, and (5) worked forty or more hours in at least one workweek in which pre- and/or post-shift work was performed, and who did not receive compensation for all required pre- and/or post-shift work performed; and/or who were paid monthly bonuses pursuant to the objectively scored "BPA Scorecard" and worked overtime during any period for which a bonus was received.

6.  On the basis of the findings set forth below, the Court hereby conditionally certifies the following Settlement Class pursuant to pursuant to Fed. R. Civ. P. 23 for settlement purposes only in accordance with the terms of the Settlement Agreement:

> **NC State Law Class:** All non-exempt employees of nThrive Solutions, Inc. who (1) worked in the Raleigh, North Carolina call center between May 1, 2018 and December 22, 2020, (2) as call-center associates, or in similar positions, at a call center servicing customers with medical billing

3

at any time within the past two years primarily interacting telephonically with customers, (3) who utilized the Ultipro and LiveVox phone and/or computer systems at any time within the past two years, (4) who were subject to Defendant's pre- and/or post-shift work policy, and who did not receive compensation for all required pre- and/or post-shift work performed; and/or who were paid monthly bonuses pursuant to the objectively scored "BPA Scorecard" and worked overtime during any pay period for which a bonus was received.

**Class Counsel and Class Representative**

7. Finding that the factors of Rule 23(g) have been satisfied for the purpose of settlement only, the Court appoints Gilda A. Hernandez, of the Law Offices of Gilda A. Hernandez, PLLC as Class Counsel for the Settlement Class. Any member of the Settlement Class who does not elect to be excluded may, but need not, enter an appearance through his or her own attorney. Settlement Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

8. For the purposes of settlement only, the Court further finds that named Plaintiff Mearidy is an adequate Class Representative.

**Preliminary Approval**

9. The Settlement Agreement is preliminarily approved as describing a settlement that is within the range of settlements that the Court would find to be fair, reasonable and adequate.

10. The Court finds that the Settlement Agreement resulted from lengthy, intensive, arm's-length negotiations among the parties, through counsel.

**Notice to Settlement Classes, Opt-In Procedure, and Appointment of Settlement Administrator**

11. The Court approves as to form and content the Notice and Claim Form, attached as Exhibits to the Settlement Agreement, which is an Exhibit to Plaintiff's Motion for Preliminary Approval, respectively (ECF Nos. 24, 25-1);

12. The manner and forms of Notice to be sent to members of the Putative Settlement Class set forth in § IV of the Settlement Agreement are hereby approved and the provisions thereof are hereby incorporated into this Order so that upon entry of this Order, the Parties are directed to ensure that the Notice is disseminated according to the terms of § IV(A)(2) of the Settlement Agreement. (ECF No. 25-1)

13. Members of the Settlement Class and Collective Action are authorized to receive a settlement payment only if they timely submit a signed Claim Form to the Settlement Administrator via U.S. Mail, fax, email, so that it is postmarked, if sent by U.S. Mail, or received, if sent by fax or email, on or before forty-five (45) calendar days after the date on which the Settlement Administrator first mails the Notice and Claim Form to the members of the Settlement Class and Settlement Collective Action, in accordance with the terms of the Settlement Agreement. All members of the Settlement Class and Settlement Collective Action who fail to comply with these requirements shall be forever barred from receiving any settlement payment pursuant to the Settlement set forth in the Settlement Agreement.

14. Prior to the Final Approval Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the Settlement Agreement.

**Requests for Exclusion from the North Carolina State Law Settlement Class**

15. Members of the Putative Rule 23 Settlement Class may request exclusion from the Rule 23 Settlement Class and the Settlement. All written requests by members of the Settlement Class to exclude themselves from the Settlement must be returned by First-Class U.S. Mail to the Settlement Administrator so that it is postmarked no later than forty-five (45) calendar days after the date on which the Settlement Administrator first mails the Notice and Claim Form to the members of the Putative Settlement Class. A written request seeking exclusion must expressly state that the class member wishes to be excluded from the Settlement. The request should state at the top of the letter "Request for Exclusion from Settlement in *Mearidy v. NThrive Solutions, Inc.*, No. 1:20-CV-00387-LCB-LPA," and should include the name, address, telephone number, and signature of the individual requesting exclusion from the Settlement.

16. In the event the Settlement receives final approval, any member of the Settlement Class who did not properly and timely request exclusion shall be bound by all the terms and provisions of the Settlement Agreement, the final approval order, the final judgment, and the releases set forth therein, and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the Settlement. All members of the Settlement Class who do not timely and validly request to be excluded would be enjoined from proceeding against the Defendant for the claims made in the Complaint.

17. All members of the Settlement Class who submit valid and timely notices of their intent to be excluded from the Settlement Classes: (i) shall not have any rights under the

6

Case 1:20-cv-00387-LCB-LPA   Document 37   Filed 08/16/21   Page 6 of 15

Settlement Agreement; (ii) shall not be entitled to receive a settlement payment; and (iii) shall not be bound by the Settlement Agreement, any final approval order, or the final judgment.

**Objections to the Settlement**

18. Consistent with the Settlement Agreement, members of the Settlement Class who have not requested exclusion and wish to object to the Settlement must file a written objection with the U.S. District Court for the Middle District of North Carolina setting forth the nature of his or her objection, and the arguments supporting the objection, and serve copies of the objection to Class Counsel and Defense Counsel. Any objections must be filed and served no later than forty-five (45) calendar days after the date on which the Settlement Administrator first mails the Notice and Claim Form to the members of the Putative Settlement Classes. To the extent that any objection is filed in advance of the Final Approval Hearing, the Parties may file a written response to the objection as time permits. Unless otherwise permitted by the Court, objecting Settlement Class Members shall not be entitled to speak at the hearing on the Final Approval Date unless they have timely filed and served a written objection. Any Settlement Class Member who has properly and timely submitted objections may appear at the Final Approval Date hearing, either in person or through a lawyer retained at their own expense. Any Settlement Class Members who fail to file and serve a timely written objection shall be deemed to have waived any objection and shall be foreclosed from objecting to this Settlement.

**Approval and Appointment of Settlement Administrator**

19. The Court approves and appoints Angeion Group ("Angeion") to serve as the neutral, third-party Settlement Administrator in accordance with the terms of the Settlement

Agreement and this Order. The Court HEREBY ORDERS and AUTHORIZES Angeion to perform the administrative duties specified herein:

I. Issue Notice of Settlement

20. First, the Court ORDERS Angeion to issue the approved Notice, Claim Form, and postage pre-paid return envelope to all members of the Settlement Class and Settlement Collective Action, as defined above. To that end, Angeion shall:

    a. Accept receipt of information regarding the Named and Opt-In Plaintiffs and members of the Settlement Class and Settlement Collective Action (as described in § IV, (A)(1) of the Settlement Agreement) and shall keep that information confidential in accordance with the terms of § IV, (A)(1) of the Settlement Agreement;

    b. Update the provided addresses for all members of the Settlement Class and Settlement Collective Action using the National Change of Address database in accordance with the terms of § IV (A)(1) of the Settlement Agreement;

    c. Ensure the total cost is consistent with Angeion's quoted cost for services and expenses in connection with the administration of the Settlement prior to the mailing and emailing of the Settlement Notice, in accordance with the terms of § IV(D)(5) of the Settlement Agreement;

    d. Calculate the amount of the individual Settlement Payments in accordance with the terms of § III(C)(1) of the Settlement Agreement;

    e. Prepare, format, print, and disseminate by Email and First-Class U.S. Mail the Notice and Claim Form approved by the Court, together with a pre-addressed, postage-paid return envelope, and follow-up on any undeliverable Notices and Claim Forms with a skip trace in accordance with the terms of § IV (A)(2) of the Settlement Agreement; and

    f. Resend the approved Notice and Claim Form where appropriate in accordance with the terms of § IV, (A)(2) of the Settlement Agreement.

21. The Settlement Administrator may provide replacement copies of the Notice by mail or email if requested by a member of the Settlement Class or Settlement Collective Action.

## II. Collect Required Forms and Requests for Exclusion

22. The Court FURTHER ORDERS Angeion to collect the Court-approved Claim Forms returned by members of the Settlement Class and Settlement Collective Action, as well as to collect written requests for exclusion by members of the Rule 23 Settlement Class. As part of these tasks, Angeion shall:

   a. Establish and maintain a P.O. Box, email account, and fax number for receipt of Court-approved Claim Forms, as well as requests for exclusion and other communications from the members of the Putative Settlement Class;

   b. Follow up to obtain signed Claim Forms if any are submitted lacking the necessary signature in accordance with the terms of § IV(A)(3) of the Settlement Agreement; and

   c. Contact any members of the Putative Rule 23 Settlement Class who timely and properly submit both (i) a written request for exclusion, and (ii) a Claim Form, or objections to the proposed settlement, to inform such individuals that they cannot both request exclusion from the Settlement and submit a Claim Form and/or object to the settlement and ask such individuals which option they wish to pursue.

## III. Establish and Distribute Funds from a Qualified Settlement Fund

29. Additionally, the Court ORDERS that, following the issuance of an Order from this Court, if any, granting final approval to the Parties' proposed settlement, and after the Effective Date of the Parties' proposed settlement, as defined in § II(A)(4) of the Settlement Agreement, Angeion shall take the necessary steps, consistent with the Court-approved settlement, to distribute Settlement Payments (as defined in § II(A)(22) of the Settlement Agreement) to Authorized Claimants, as well as to make any other Court-authorized payments under the Settlement. This shall include:

   a. Setting up a Qualified Settlement Fund ("QSF") and accepting distribution by Defendant of the Gross Settlement Amount into that fund in accordance with the terms of § IV(D)(1) of the Settlement Agreement;

b.  Paying Court-authorized awards of Class Counsel's Fees and Expenses (as set forth in § IV(D)(3) of the Settlement Agreement), if any, from the QSF, and issuing I.R.S. Form 1099s to Class Counsel for such payments, in accordance with the terms § IV (D)(3) of the Settlement Agreement;

c.  Paying Court-authorized Service Awards to the Named Plaintiff Mearidy and early opt-in Plaintiff Andrew Heidrich (as set forth in §IV(D)(4) of the Settlement Agreement), if any, from the QSF, and issuing I.R.S. Form 1099s to Named and Opt-in Plaintiffs for such payments, in accordance with the terms of § IV(D)(4) of the Settlement Agreement;

d.  If the Court awards less than the requested amount of Attorneys' Fees, Expenses, or Service Awards, re-calculate the amount of the individual Settlement Payments in accordance with § IV(C) of the Settlement Agreement prior to distribution and following the effective date.

e.  Determining which members of the Settlement Class or Settlement Collective Action are Authorized Claimants who will receive Settlement Payments;

f.  Performing all tax reporting duties required by federal, state, or local law, in accordance with the terms of § IV(D)(2) of the Settlement Agreement;

g.  Preparing and sending, by U.S. Mail, Settlement Payments to Authorized Claimants in accordance with the terms of §IV (D)(2) of the Settlement Agreement;

h.  Preparing and sending, by U.S. Mail, I.R.S. Forms W-2 and 1099 to Authorized Claimants either contemporaneously with or an appropriate time after the issuance of Settlement Payments, in accordance with the terms of § III(D) of the Settlement Agreement;

i.  Providing copies of each negotiated settlement check to Defendant;

j.  Voiding and placing stop-payments on Settlement Payment checks that are not negotiated within one hundred-eighty (180) calendar days after being mailed to Authorized Claimants, or that are reported as potentially stolen or lost by an Authorized Claimant; Reissuing and mailing checks to Authorized Claimants who reported the check was lost or stolen;

k.  Within one-hundred ninety (190) days after mailing the Individual Settlement Amount checks, preparing and sending to Defense Counsel and Class Counsel an accounting of the settlement distribution that identifies any checks issued but not cashed and, within seven (7) days of providing this accounting, issuing a check to the *cy pres* beneficiary identified in § IV(D)(2) in accordance with the terms of that Section of the Settlement Agreement.

10

### IV. Reporting Activities to the Parties

30. Angeion is ORDERED to regularly report to the Parties, in written form, the substance of the work it performs in this matter pursuant to this Order and the Settlement Agreement in accordance with the terms of § IV(D)(5) of the Settlement Agreement. This shall include informing the Parties of the dates Angeion mails and emails the Notice to members of the Putative Settlement Class, the number of claim forms, objections or exclusion requests received, and when it distributes funds from the QSF.

31. The Settlement Administrator shall provide to counsel for both parties, within 75 days of the mailing of the Notice of Settlement a declaration from an appropriate agent or agents working for it, stating under penalty of perjury: (a) the names and addresses of all individuals to whom the Settlement Administrator mailed and emailed notice of the proposed settlement; (b) whether each such individual was an Opt-in Plaintiff, member of the Settlement Collective Action, or member of a Settlement Class; (c) whether each such individual timely and properly submitted the required form to receive a Settlement Payment and, if so, the amount of that payment; and (e) the identity of all individuals who validly and timely requested exclusion from the settlement.

32. To allow the Parties and the Court to evaluate the work performed by Angeion in this matter, Angeion is also ORDERED to maintain records of all activities associated with its settlement administration duties pursuant to this Order and the Settlement Agreement, including: (i) records reflecting the dates of all mailings to members of the Settlement Classes or Settlement Collective Action; (ii) records reflecting the dates of all materials and inquiries received in connection with the proposed settlement (whether by U.S. Mail, fax, and e-mail); (iii) the original mailing envelope for any returned Notice, any claim forms received, any

11

written requests for exclusion, or any other correspondence received from members of the Settlement Class, Settlement Collective Action, or Authorized Claimants; (iv) logs or date-stamped copies showing the dates and times of receipt of claim forms received by fax; (v) the original copies of any U.S. mail, or email communications with any members of the Settlement Class, Settlement Collective Action, or Authorized Claimants.

V. Miscellaneous

29. The Court FURTHER ORDERS that counsel for all Parties have the right to review and approve any documents to be mailed by Angeion in connection with the proposed settlement prior to their mailing, and Angeion may not mail any such documents without first receiving written approval from counsel for the Parties or direction from the Court to send such documents.

30. Angeion is FURTHER ORDERED to take reasonable steps to protect the disclosure of any and all personal information concerning members of the Settlement Class or Settlement Collective Action provided to Angeion by counsel for the Parties, including but not limited to members of the Settlement Class or Settlement Collective Action personal information provided pursuant to § IV (A)(1) of the Settlement Agreement. This includes maintaining reasonable administrative, physical, and technical controls in order to avoid public disclosure of any such information and to protect the confidentiality, security, integrity, and availability of such personal data in accordance with the terms of § IV (A)(1) of the Settlement Agreement).

31. Finally, Angeion is ORDERED to perform whatever additional tasks that are agreed to by all Parties, and which are reasonably necessary to effectuate the issuance of the Court-authorized Notice, to collect and track the Claim Forms submitted by Authorized

Claimants, and requests for exclusion from those Settlement Class members who wish to exclude themselves from the proposed settlement, and, if it is later granted final approval, to distribute funds associated with the settlement in accordance with the terms of the Settlement Agreement.

**Final Approval Hearing**

32. Pursuant to Rule 23(e) of the Fed. R. Civ. P., the Court will hold a hearing to determine whether the Settlement Agreement and its terms are fair, reasonable and in the best interests of the members of the Settlement Classes, and whether a final judgment as to Plaintiff's claims as provided in the Settlement Agreement should be entered granting final approval of the Settlement (the "Final Approval Hearing").

33. At the Final Approval Hearing, the Court shall also determine whether, and in what amount, attorney's fees, costs, and expenses should be awarded to Class Counsel, and whether, and in what amount, service awards should be made to Plaintiffs.

34. The Final Approval Hearing is hereby scheduled to be held before this Court on the 30th day of November 2021, at 10:30 A.M. in Courtroom 4 of the United States District Court, 251 N. Main St., Winston-Salem, NC 27101.

35. The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class Settlement Collective Action, or Authorized Claimants other than that which may be posted by the Court.

36. Only members of the Settlement Class who have filed and served timely notices of objection in accordance with the terms of §IV(A)(3) of the Settlement Agreement and this Order shall be entitled to be heard at the Final Approval Hearing. Any member of

13

the Settlement Class who does not timely file and serve an objection in writing to the Settlement Administrator, within 45 calendar days after the mailing date of the Notice of Settlement, prior to entry of Final Judgment, or to Class Counsel's application for fees, costs, and expenses or to service awards, in accordance with the procedure set forth in the Notice and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

**Other Provisions**

37. Each and every time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

38. The costs of settlement administration shall be paid as set forth in §IV (D)(3) of the Settlement Agreement.

39. Certification of the Settlement Class and Settlement Collective Action is a conditional certification for settlement purposes only. If the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, or this Court does not grant final approval of the Settlement Agreement, or the Settlement is not consummated or fails to become effective for any reason whatsoever, the conditional certification of the Settlement Class and Settlement Collective Action shall automatically be cancelled and shall be void, any collective or class actions certified solely for purposes of the Settlement shall be decertified pursuant to the terms of § IV(E)(3) of the Settlement Agreement, and the Defendant shall have reserved all of its rights to challenge the propriety of collective action certification or class action certification for any purpose, including the opposition to any and all class or collective certification motions in this action, to contest the adequacy of Plaintiff as

representative of the Settlement Class, and to contest the adequacy of Plaintiff's counsel as adequate Class Counsel. Additionally, Plaintiffs reserve all of their rights, including the right to continue with the litigation as set forth in the Settlement Agreement, should the Settlement Agreement not be consummated.

**Schedule**

40. The following deadlines shall apply unless modified by further order of the Court:

   a. Notices in the form of the Exhibits to the Settlement Agreement shall be sent to Class Members as provided in the Settlement, within 30 days after entry of this Order, on or before September 13, 2021.

   b. Members of the Settlement Class and Settlement Collective Action shall have 45 calendar days following the mailing of notice to postmark, email, or fax required claim forms to the Settlement Administrator, as provided in the Settlement.

   c. Any exclusions and objections to the Settlement Agreement shall be submitted within 45 calendar days after the mailing date of the Notice of Settlement.

   d. Any notices to appear at the Fairness Hearing shall be filed within 52 calendar days after the mailing date of the Notice of Settlement.

   e. The Fairness Hearing shall be held at 10:30 a.m. on November 30, 2021, in Courtroom No. 4 of the United States District Court for the Middle District of North Carolina.

   f. The parties shall file and serve papers in support of final approval of the settlement, including any responses to proper and timely objections filed thereto, by November 22, 2021.

This, the 16th day of August 2021.

/s/ Loretta C. Biggs
United States District Judge